IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-858-FL

| | |
|---|---|
| DAVID W. CARPENTER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (DE 24, 26). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R") wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and uphold defendant's decision denying benefits. Plaintiff timely filed an objection to the M&R and defendant responded. In this posture, the matter is ripe for ruling. For the reasons that follow, the court overrules plaintiff's objection to the M&R and upholds defendant's decision denying benefits.

In addressing plaintiff's objection to the M&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

In this case, plaintiff argues in his objections that the ALJ improperly weighed the opinion of Kristin A. Krippa, M.A., HSP-PA, a licensed psychological associate. In so arguing, plaintiff points to no particular error on the magistrate judge's part, but rather reiterates arguments made in plaintiff's motion for judgment on the pleadings and response to defendant's motion. (See DE 25, 28).

Upon careful review of the record, the court finds that the magistrate judge already has addressed the arguments raised by plaintiff in his objections, and the court adopts the discussion of the magistrate judge regarding the issues raised in his objections. (M&R at 10-22).[1] The court writes separately to emphasize the distinctions between this case and Bird v. Commissioner of Social Security, 699 F.3d 337 (4th Cir. 2012). In Bird, the Fourth Circuit held that the ALJ erred in not "giv[ing] retrospective consideration" to mental health treatment records post-dating a claimant's date last insured ("DLI"). 699 F.3d at 341. In the instant case, by contrast, the ALJ considered Ms. Krippa's opinion, and discussed its relationship with the other evidence in the record. (Tr. 74-75, 78-79).

In Bird, the post-DLI evidence consisted of an examination report by two licensed clinical psychologists, 699 F.3d at 339-40, whereas the post-DLI evidence in this case consisted of an opinion from a psychological associate, a non-acceptable medical source. (Tr. 79; 448-62). Nevertheless, the ALJ recognized that the opinion of Ms. Krippa "may be considered as to the severity of the impairment(s) and how they limit the claimant's ability to function." (Tr. 79). Finally, the post-DLI evidence in Bird was "enhanced further by lay observations of [the] claimant's condition during the relevant time period," particularly testimony regarding the claimant's post-

---

[1] In addition, the court finds no clear error on the analysis in the M&R pertaining to plaintiff's remaining arguments, which were not subject of plaintiff's objections. Therefore, the court also adopts the remainder of the M&R.

2

traumatic stress disorder symptoms. 699 F.3d at 341, 342. By contrast, plaintiff's own functional capacity reports near the time of DLI "present[ed] a much different picture of the claimant's functioning tha[n] that given by Ms. Krippa," where plaintiff reported being able to shop alone, handle money, go to church on a regular basis, and visited friend's houses at least twice a week; and plaintiff's father reported frequent visits and socializing with neighbors and friends. (Tr. 78-79, 197-201, 205-210). Likewise, other mental health records from before the DLI were not consistent with Ms. Krippa's opinion, where they revealed symptoms able to be controlled with medication as needed. (Tr. 77-78, 288, 291, 293).

In sum, substantial evidence supports the ALJ's determination to give little weight to the opinion of Ms. Krippa. Plaintiff's objections therefore must be overruled.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R, overrules plaintiff's objections, and upholds defendant's decision. Accordingly, plaintiff's motion for judgment on the pleadings (DE 24) is DENIED, and defendant's motion for judgment on the pleadings (DE 26) is GRANTED. The clerk is DIRECTED to close the case file.

SO ORDERED this 30th day of March, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge